# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**ANTONIO ALEXANDER McGEE,**

    **Plaintiff,**

    v.                           CASE NO. 19-3048-SAC

**A. LAWLESS, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). The Court granted Plaintiff leave to proceed *in forma pauperis*. On July 9, 2019, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 15) ("MOSC"), granting Plaintiff until August 2, 2019, in which to either show good cause why his Complaint should not be dismissed or to file an amended complaint to cure the deficiencies set forth in the MOSC. Plaintiff has filed a response (Doc. 16), an Amended Complaint (Doc. 17), and six supplements (Docs. 18–23.)

Plaintiff alleges in his Amended Complaint that on September 30, 2018, he was told by E. Peppiatt that he needed proof regarding his eyeglasses and when he tried to show her proof she told him to go back to his cell. Plaintiff was in the "medline" at the time and asked Peppiatt if she was denying his meds. She said "no" and told Plaintiff to either go to his cell or cuff up. When Plaintiff asked her again, she told "the CO" to cuff Plaintiff. Plaintiff alleges that "the CO that cuffed [him] up" used force to cuff him and made him walk bent over, so Plaintiff "pulled

1

away to tell him that he was hurting [him]." Peppiatt told the CO to take Plaintiff to the ground. Plaintiff alleges that he "struggled from the pain." Plaintiff alleges that "they" did not lock the cuffs and the pain caused Plaintiff to keep yelling at them and trying to look at their faces for help. When Plaintiff turned to face the CO he was knocked out with an elbow strike to the face.

Plaintiff alleges that he woke up naked on the ground and "they" took him to a cell that had another inmate's property in it, so they took him out of the room and walked him back to the wall where the CO had hit him with the elbow strike. His cuffs were never loosened until they were taken off of Plaintiff. Plaintiff alleges that all the Cos "talked about in this claim" are white males and females "and a pattern of racism" because "[he] can't seem to find other prejudices to call these behavior patterns toward [him] and all [his] claims are because of these reasons (surrounding circumstances) and attitudes toward [him]." (Doc. 17, at 3.) Plaintiff alleges that it was "not cool" to be outnumbered and cuffed up by a "team or gang" of correctional officers. *Id*.

Plaintiff alleges "excessive force prejudice," malicious injury (ill will), mental oppression and racism (vindictive) prejudice. He seeks "$990,000 for constitutional rights, privilege and immunities that was negligent and or administered after being sought, coercion of deficiencies, conflict of interest/cancellation, objection – description apparante and plane/exclusionary rule." *Id*. at 6.

The Court found in the MOSC that: Plaintiff's kidnapping claim was frivolous and subject to dismissal; Plaintiff failed to state a claim of excessive force under the Eighth Amendment's Cruel and Unusual Punishments Clause; and Plaintiff failed to allege how each defendant personally participated in the deprivation of his constitutional rights, and appears to rely on the supervisory status of some of the defendants. The Court also stated in the MOSC that:

> Plaintiff has filed seven supplements after filing his Complaint at Doc. 3. *See* Docs. 6, 8, 10, 11, 12, 13, 14. The supplements are largely incomprehensible and duplicative, with references to various irrelevant statutes, rules, regulations and case law. Plaintiff attaches grievance responses regarding an unrelated incident and a property damage claim. Plaintiff also attaches documentation from a disciplinary hearing showing he received a disciplinary report for the incident alleged in his Complaint and was found guilty on two of the charges. It shows that Plaintiff testified at the disciplinary hearing that he did not threaten staff during the incident, but was "cussing them out," turned his head, and after he was struck he "got a little aggressive again." (Doc. 12, at 3.)
>
> Plaintiff is cautioned that additional defendants and/or claims must be added through a proper amended complaint. To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court.

(Doc. 15, at 4–5.) Despite the Court's directive in the MOSC, Plaintiff filed six supplements after filing his Amended Complaint. Again, the supplements are largely incomprehensible, with references to irrelevant statutes, rules, legal terms and doctrines. None of the supplements address the deficiencies set forth in the MOSC.

Plaintiff's Amended Complaint fails to address the deficiencies set forth in the MOSC and fails to state a claim for relief. In the MOSC, the Court cautioned Plaintiff that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint." (Doc. 15, at 8.) The Court finds that this matter must be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** that this case is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated December 11, 2019, in Topeka, Kansas.**

                                            **s/ Sam A. Crow**
                                            **Sam A. Crow**
                                            **U.S. Senior District Judge**